**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE LUIS REYES-HERRERA, | No. 14-70882 |
| Petitioner, | Agency No. A075-522-985 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 24, 2016[**]

Before:      LEAVY, FERNANDEZ, and RAWLINSON, Circuit Judges.

Jose Luis Reyes-Herrera, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's ("IJ") decision denying his application for cancellation of

removal.  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's continuous physical presence determination, and we review de novo due process claims. *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 618, 620 (9th Cir. 2006). We deny in part and grant in part the petition for review, and remand.

Substantial evidence supports the agency's determination that Reyes-Herrera's acceptance of voluntary departure to Mexico in 2003 was knowing and voluntary, and that it interrupted his period of continuous physical presence. *See* 8 U.S.C. § 1229b(b)(1)(A); *Ibarra-Flores*, 439 F.3d at 619-20 (in order to interrupt the accrual of continuous physical presence, the decision to accept voluntary departure must be knowing and voluntary). Reyes-Herrera does not dispute that in 2003 he appeared before an IJ, was found removable and was granted voluntary departure in lieu of removal, and he did not submit any evidence in support of his claim that his decision to accept voluntary departure was not knowing and voluntary. *See Vasquez-Lopez v. Ashcroft*, 343 F.3d 961, 973 (9th Cir. 2003) (when an alien leaves pursuant to a voluntary departure "'[he] leaves with the knowledge that he does so in lieu of being placed in proceedings . . . [and t]here is no legitimate expectation by either of the parties that an alien could illegally reenter and resume a period of continuous physical presence'" (quoting *Matter of Romalez-Alcaide*, 23 I. & N. Dec. 423, 429 (BIA 2002) (en banc))). Reyes-Herrera

has not shown that the process through which he accepted voluntary departure in 2003 did not comport with due process.

The record contains evidence that Reyes-Herrera timely filed proof of posting his voluntary departure bond. *See* 8 C.F.R. § 1240.26(c)(3)(ii). We therefore remand to the BIA to determine only Reyes-Herrera's eligibility for reinstatement of voluntary departure.

The parties will bear their own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**